UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. |
| LVNV FUNDING LLC, | ) DEMAND JURY TRIAL |
| Defendant | ) |

## COMPLAINT

This is a case arising from Defendant's violations of the Fair Credit Reporting Act, the Fair Debt Collection and Practice Act, Intentional Infliction of Emotional and Financial Injury, and Injunctive Relief.

COMES NOW, the Plaintiff, Morlyne Young, Pro-Se, respectfully request this honorable Court to issue a Declaratory Judgment, Preliminary and Permanent Injunctive Relief and damages. In support thereof, Plaintiff show unto this Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief Defendant LVNV Funding LLC, a Collection Company, its Affiliates and Agents acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act,(hereafter) FCRA, and the Fair Debt Collection and Practice Act (hereafter) FDCPA. An actual controversy exists between the parties, in that the challenged actions of the Defendant has cause and will continue to cause the Plaintiff substantial harm unless requested relief is granted.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. Section 1681(p), 1692k(d) and 28 U.S.C. Section 1331. Declaratory Relief is available pursuant to 28 U.S.C. 2201.

2. Venue is proper, because many of the relevant events occurred within the State of Missouri, County of St. Louis, which is located in this District.

3. Plaintiff's Federal claim against Defendant derives from a common focus of operative fact and are of such character that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

4. This action brought by the Plaintiff for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's credit reports, the Defendant collective tactics in attempting to collect it, and the Defendant's refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies in providing that facilitate a reasonable reinvestigation of the matter. Thus the Plaintiff seeks damages and to the extent possible, injunctive and declaratory relief.

## PARTIES

5. Plaintiff is a natural person residing in the County of St. Louis Missouri.

6. Defendant is a Collection Company, who's business is to use instruments of interstate commerce to facilitate the collection of owed debt or asserted to be due another, and sometimes with Affiliates and Agents acting in concert with each other.

## STATEMENT OF FACT

7. In May 2005, Plaintiff opened a Mastercard account with HSBC Credit Card Service.

8. The Mastercard account number was 548955511298233, with a credit limit of $1,280.

2

9. The credit card account was paid off in March 2007, and closed in April 2007.

    Exhibit A

10. In November 2007, after a review of my credit report, Plaintiff contacted Defendant by certified mail to dispute a tradeline that was placed in Plaintiff's credit reports.

    Exhibit B

11. The tradeline was HSBC Credit Card Service, Account Number 5489555112982231

12. The tradeline entry was placed in Transunion Credit and Experian Credit Bureaus.

    Exhibit A

13. The new amount of allege debt was changed to $1,489 by Sherman Acquisitions (aka) Sherman Financial and Defendant LVNV Funding LLC an affiliate of Sherman Companies.     Exhibit A

14. There was a reinvestigation of tradeline was completed by Transunion Credit and Experian Inc., in January 2010.

15. Both Credit Reporting Bureaus indicated that the Defendant verified the tradeline as accurate.     Exhibit B

16. Defendant made numerous telephone calls demanding the payment of allege debt.

    Exhibit C

17. The Plaintiff requested the Defendant to provide proof of allege debt had been purchase or asigned to Defendant.     Exhibit D

18. Defendant at no time provided any proof of ownership or assignment of debt.

19. Defendant reported tradeline in Plaintiff's credit reports as a factoring company account instead of a retail credit card tradeline in January 2010 up until the present

3

    time.    Exhibit B

20. Both credit bureaus have reported the tradeline entered by Defendant was verified as accurate and true reporting after a reinvestigation of tradeline.   Exhibit B

21. In Janaury 2011, Defendant revised tradeline in Plaintiff's credit reports from $1,489.00 to $1,781.00 without any notification of revision to Plaintiff.

    Exhibit B

22. Plaintiff wrote the Defendant again in May 2011 by certified mail to resolve the tradeline matter in Plaintiff's credit reports.  Defendants never responded to Plaintiff's request to resolve the tradeline matter.   Exhibit D

23. That the Defendant LVNV Funding LLC, and its Affiliates and Agents conspired to attempt to enforce a debt when they has sufficient knowledge to know that the claim was not legitimate.

24. That the Defendant and its Afiliates and Agents knew that they couldn't enforce there claim in Court, because of the Statute of Limitation provisions in Missouri Law.

25. That the Deendant changed the closing date of the trade line from April 2007 to April 2007.   Exhibit B

## COUNT 1
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

26. The allegations of paragraph 1 through 25 of this Complaint are realleged and incorporated by reference.

27. That the Defendant and its Affiliates and Agents regularly and in the course of business, furnishes information to all three Credit Bureaus about their experience

4

with consumers.

28. That the Defendant did not notify the Plaintif at anytime that the Plaintif's dispute regarding trade line was considered frivolous or the the plaintiff fail to provide sufficient information to investigate the allege debt.          Exhibit D

29. That the Defendant, failed to review all relevant information provided by the consumer reporting agencies pursuant to 15 U.S.C. Section 1681i(a)(2), and as required by 15 U.S.C. Section 1681s-2(b)(1)(B).

30. Defndant failed to adequately conduct an investigation with respect to the disputed information , as required by 15 U.S.C Section 1681s-2(b)(1), after notice of dispute was received at the offices of Defendant and his Affiliates and Agents.

31. That the Defendant failed to report the results of the investigation finding to the three consumer reporting bureaus that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. Section 1681s-2(b)(1)(D).

32. That the Defendant failed to report the resuts of the investigation to the consumer reporting bureaus as required by 15 U.S.C. Section 1681s-2(b)(1)C .

33. That the Defendant, in response to the notices of reinvestigation from the credit reporting bureaus , verified that the disputed information was accurate and complete four different occasions, even though they were in possession of information which showed that the trades lines were inaccurate, and even though the trade line did not contain the notice of dispute, as required by 15 U.S.C. Section 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple credit report bureaus  and the Plaintiff is evidence of willful Noncompliance on the part of Defendant.

## COUNT 2

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT

34. The allegations of paragraph 1 through 25 of this complaint are realleged and incorporate by reference.

35. That Defendant LVNV Funding LLC, is a debt collector as defined by 15 U.S.C. Section 1692a(6).

36. Mutliple violations of Section 1692(e) (2)(a) and 1692e(10) for the false representative of the character, amount, or legal status of any debt.

37. Violations of Section 1692(e) communicating information which is known to be false.

38. The foregoing violations of the FDCPA are among the Defendants standard procedures and practices towards consumers such as the Plaintiff, for which the Defendant are motivated by enhanced profits.

## COUNT 3

### INTENTIONAL INFLICTION OF EMOTIONAL AND FINANCIAL DISTRESS

39. The allegations of paragraphs 1 through 25 of this Compliant are realleged and incorporated by reference.

40. The Defendant intented to and did inflict emotional and financial injury upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead And threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to

6

systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

41. The Defendants attempted to take advantage of a consumer reasonably unable to
41. protect his interests, because of assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

WHEREFORE, the Plaintiff moves the Court for relief as follows:

A. For a preliminary and permanent injunction injunctive relief, enjoining Defendants, his Affiliates and Agents from engaging in further violations of the FCRA and FDCPA.

B. Selling, transferring, reporting, or otherwise assigning the above named Plaintiff's account to any other Collection Agency, Debt Collector, reseller, or Credit Reporting Credit Bureaus.

C. For and Order awarding Plaintiff statutory damages in the following amounts:

   (1) Against Defendant for violations of the Fair Credit Reporting Act in the amount of $25,000.00.

   (2) Against Defendant for violations of the Fair Debt Collection and Practice Act in the amount of $95,000.00

D. For and Order awarding punitive damages in the amount of $300,000.00

And any other remedy the Court deem proper.

Respectfully submitted,

Morlyne Young Pro Se
P.O. Box 26213
St. Louis, MO 63136-0213
314.869.0799

7