UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, | ) |
| Plaintiff, | ) |
| vs. | )  Case No. 4:12CV01180AGF |
| LVNV FUNDING, LLC, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff Morlyne Young filed this action pro se under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and state common law for intentional infliction of emotional distress. Plaintiff sues Defendant LVNV Funding, LLC, as a furnisher of information under the FCRA and as a debt collector under the FDCPA. Now before the Court are Defendant's motion to dismiss the complaint for failure to state a claim and Defendant's motion to strike certain claims and relief sought. For the following reasons, each motion shall be granted in part and denied in part.[1]

# BACKGROUND

Plaintiff alleges the following. In May 2005 he opened a credit card account with HSBC Bank, paid off the account in March 2007, and closed the account in April 2007.

---

[1] Defendant's separate motion to strike Plaintiff's surreply addressing Defendant's motion to dismiss, on the ground that Plaintiff did not seek leave to file the surreply, shall be denied.

In November 2009, after reviewing his credit report,[2] Plaintiff contacted Defendant by certified mail to dispute a tradeline that appeared on his report in the amount of $1,489, which Plaintiff appears to believe was the satisfied HBSC Bank debt that Defendant had acquired. Plaintiff disputed the tradeline to Defendant on numerous occasions, but the tradeline was not removed from his credit report. In January 2010 two Credit Reporting Agencies ("CRAs") completed a reinvestigation of the tradeline, both indicating that Defendant verified the tradeline as accurate.

Plaintiff also complains that Defendant made "numerous telephone calls demanding the payment" and that the calls "intended to harass, belittle, confuse, mislead, [a]nd threaten" him, to coerce him to pay the debt, which, according to Plaintiff, was not in fact owed. Plaintiff alleges that Defendant had "sufficient knowledge to know that the claim was not legitimate." Plaintiff further alleges that Defendant failed to prove ownership of the account despite demand, and in January 2011 increased the tradeline to $1,781 without notifying him.

Plaintiff asserts three causes of action: violation of the FCRA, specifically 15 U.S.C. § 1681s-2(b)[3] (Count I); violation of the FDCPA, specifically 15 U.S.C. § 1692e[4]

---

[2]   In his complaint, Plaintiff alleges that he reviewed his credit report in 2007. (Doc. No. 1 at ¶ 10.) However, in his response to Defendant's motion to dismiss, Plaintiff asserts a 2009 date. (Doc. No. 15 at ¶ 4.) After review of Plaintiff's timeline, the Court has adopted 2009 as the appropriate year.

[3]   § 1681s-2(b) requires furnishers of information, upon notice of a dispute by a CRA, to conduct an investigation of the disputed claim. 15 U.S.C. § 1681s-2(b).

[4]   § 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

(Count II); and intentional infliction of "emotional and financial distress" (Count III).  He seeks an injunction prohibiting Defendant from violating the FCRA and FDCPA, and from selling, transferring, reporting, or assigning the account in question; $25,000 in statutory damages for violating the FCRA; $95,000 in statutory damages for violating the FDCPA; and punitive damages in the amount of $300,000.

Defendant argues, in the two motions under consideration, that the claim for intentional infliction of emotional distress is preempted by the FCRA, and alternatively, is not supported by sufficient facts to withstand a motion to dismiss.  Defendant also argues that Plaintiff failed sufficiently to plead an action under § 1681s-2(b) of the FCRA because he did not allege that he notified the CRAs of the dispute or that they then reported the dispute to Defendant, as the furnisher of the disputed information.

According to Defendant, Plaintiff's FDCPA claim fails because Plaintiff did not allege any facts that would put Defendant on notice of what conduct allegedly violated the FDCPA.  Defendant asserts that injunctive relief is not available under the FCRA or the FDCPA.  Lastly, Defendant asserts that Plaintiff's prayer for statutory damages must be stricken to the extent that he seeks damages exceeding the statutory maximums of $1,000 under each statute.

Plaintiff responds that a letter and a page from Plaintiff's credit history report from one of the CRAs, attached as exhibits to his complaint, indicate that he contacted Defendant and the CRA.[5]  The letter states that the CRA completed an investigation of

---

[5] Plaintiff incorrectly identifies the CRA as the "Credit Bureau."

Plaintiff's credit history as a result of his submission of a dispute. The page from Plaintiff's credit history report indicates the closed HSBC Bank account and the subsequent open account with Defendant as the creditor, each with the same account number. (Doc. No. 1-1.)

## DISCUSSION

To withstand a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[C]onclusory statements" and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Courts must accept a plaintiff's factual allegations as true but need not accept a plaintiff's legal conclusions. *Id.*; *Retro Television Network, Inc. v. Luken Comm'cns, LLC*, No: 12-1287, __ F.3d __ (8th Cir. Oct. 17, 2012). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### A. Intentional Infliction of Emotional Distress

Defendant first argues that Plaintiff's intentional infliction of emotional distress claim is preempted by the FCRA, specifically § 1681t(b)(1)(F), which states in pertinent part: "No requirement or prohibition may be imposed under the laws of any State -- with respect to any subject matter regulated under -- . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). As noted in *Ilodianya v. Capital One Bank USA,*

4

*N.A.*, 853 F. Supp. 2d 772, 774 (E.D. Ark. 2012), the Eighth Circuit has yet to consider the pre-emptive effect of this provision. However, like the Court in *Illodianya*, *id.* at 773, this Court finds persuasive the reasoning of the Second Circuit in *Macpherson v. JP Morgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d Cir. 2011) (per curiam)(finding intentional infliction of emotional distress claim preempted by the FCRA because the conduct was covered by 1681s-2(b)); *see also, e.g.*, *Miller v. Bank of Am., N.A.*, 858 F. Supp. 2d 1118, 1124 (S.D. Cal. 2012). Therefore, to the extent that Plaintiff's claim of intentional infliction of emotional distress relates to the financial hardship suffered when Defendant reported misinformation to the CRAs, it is preempted by the FCRA.

However, Plaintiff additionally alleges that Defendant intended to inflict emotional distress when it engaged in the conduct that formed the basis of his FDCPA claim, namely that Defendant made numerous telephone calls demanding the payment of the alleged debt. (Doc. No. 1, ¶ 16.) To state a claim for intentional infliction of emotional distress, a plaintiff "must plead extreme and outrageous conduct by a defendant . . . that results in bodily harm." *Franklin v. Pinnacle Entm't, Inc.*, No. 4:12–CV–307 CAS, 2012 WL 3264963, at *10 (E.D. Mo. Aug. 9, 2012) (citation omitted). The Eighth Circuit has stated, "Missouri case law reveals very few factual scenarios sufficient to support a claim for intentional infliction of emotional distress. Rarely is a defendant's conduct sufficiently extreme and outrageous to warrant recovery." *Kansas City Laser, Inc. v. MCI Telecomms. Corp.*, 252 F. App'x 100, 104 (8th Cir. 2007). Here the Court concludes that Plaintiff has failed to allege conduct by Defendant that "was so outrageous in character and extreme in degree as to be 'beyond all possible bounds of decency' and

5

'regarded as atrocious and utterly intolerable in a civilized community.'" *See Franklin*, 2012 WL 3264963, at *10; *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 438-39 (7th Cir. 2009) (applying Illinois law).  Therefore, Defendant's motion to dismiss as it relates to Count III is granted.

**B.  Fair Credit Reporting Act**

Plaintiff alleges that Defendant violated the FCRA § 1681s-2(b),[6] which provides, in relevant part:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the [furnisher of information] shall . . . conduct an investigation with respect to the disputed information; review all relevant information . . .; [and] report the results of the investigation to the consumer reporting agency.

The FCRA permits a consumer to bring a claim under § 1681s-2(b) against a furnisher of information.  *Hurocy v. Direct Merchants Credit Card Bank, N.A.*, 371 F. Supp. 2d 1058, 1060 (E.D. Mo. 2005) (listing cases).  The furnisher must receive notice from the CRA, not the consumer, that the credit information is in dispute before its duty to investigate is triggered.  *Lee v. Wells Fargo Home Mortg.*, No. 11–0633–CV–W–HFS, 2011 WL 5025877 at *2 (W.D. Mo. Oct. 21, 2011).

---

[6]  Plaintiff also cited to § 1681i(a)(2) (requiring CRAs to report consumer disputes to the furnisher of the disputed information).  As Defendant notes, § 1681i(a)(2) does not give a consumer a private cause of action against the furnisher of credit information.  *See Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 38 (1st Cir. 2010).  However, Plaintiff does not appear to suggest a right of action under § 1681i(a)(2), but instead uses that section as reference to the CRA's duty to notify Defendant of the dispute, thereby triggering Defendant's duty under § 1681s-2 to reinvestigate.

6

Courts differ on whether a plaintiff must plead with certainty that notice was given by the CRA to the furnisher and the Eighth Circuit has not yet ruled on this issue. *Compare Gonzalez-Bencon v. Doral Bank*, 759 F. Supp. 2d 229, 234 (D.P.R. 2010) (requiring notice be specifically plead) *with Ori v. Fifth Third Bank*, 674 F. Supp. 2d 1095, 1097-98 (E.D. Wis. 2009) (finding notice need not be specifically plead). This Court finds the reasoning in *Ori* persuasive. In *Ori*, the plaintiff alleged that he notified CRAs of the credit dispute and that the furnisher of information failed to investigate. *Id.* at 1096-97. In holding these allegations sufficient to state a claim under the FCRA, the Court noted, "if a plaintiff alleges that he notified a CRA that he disputed reported information, he need not also allege that the CRA notified the furnisher of the disputed information because it would be unlikely that he would know whether this was so." *Id.* at 1097 (citation omitted); *see also Lee v. Wells Fargo Home Mortg.*, No. 11–0633–CV–W–HFS, 2011 WL 5025877, at *2 (W.D. Mo. Oct. 21, 2011) ("Had plaintiffs alleged that they themselves notified a [CRA] of the dispute, further discovery might be in order."). Here, Plaintiff sufficiently pleads that he notified two credit reporting agencies (Doc. No. 1 at ¶ 14, Ex. A & Doc. No. 26 at ¶ 8), and that the CRAs notified Defendant (Doc. No. 1 at  ¶ 15, ¶ 33) ("[b]oth Credit Reporting Bureaus indicated that the Defendant verified the tradeline as accurate."). Therefore, Defendant's motion to dismiss Plaintiff's FCRA claims against it fails.

**C. Fair Debt Collection Practices Act**

Next Defendant argues that Plaintiff's FDCPA cause of action relies solely on insufficient legal conclusions and therefore fails to state a claim. In his complaint,

7

Plaintiff relies on FDCPA §§ 1692e(2)(A),(10) and § 1692e generally. These sections state in pertinent part:

> A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. . . . [T]he following conduct is a violation of this section:
>
> \*   \*   \*
>
> (2) The false representation of -- (A) the character, amount or legal status of any debt;
>
> \*   \*   \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Under the FDCPA, a plaintiff must allege sufficient facts to suggest that information in the debt collector's communications was false, deceptive, or misleading. *Tipia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 701-02 (E.D. Va. 2010). In *Eckert v. LVNV Funding, LLC*, 647 F. Supp. 2d 1096 (E.D. Mo. 2009), a court from our District found sufficient a plaintiff's allegations that a defendant did not appropriately apply a credit to the plaintiff's account and then filed a state court claim against the plaintiff for the wrong amount. *Id.* at 1104. Here, Plaintiff asserts that although he paid off the alleged debt and closed the account, therefore owing nothing, Defendant attempted to enforce the debt which Plaintiff alleges it had "sufficient knowledge to know . . . was not legitimate." (Doc. No. 1 at ¶¶ 9, 23.) Further, Plaintiff indicates that in January 2011 Defendant revised Plaintiff's tradeline from $1,489 to $1,781. (Doc. No. 1 at ¶ 21.) The Court concludes that these allegations are sufficient to state a claim under the FDCPA and therefore denies Defendant's motion to dismiss as it relates to Count II.

### D. Injunctive Relief under the FCRA and the FDCPA

Defendant correctly asserts that neither the FCRA nor the FDCPA permit a private cause of action for injunctive relief.  *See Young v. HSBC Mortg. Servs., Inc.*, No. 4:07CV646 HEA, 2007 WL 2083680, at *1 (E.D. Mo. July 13, 2007) ("It has been well settled that injunctive relief is not available to private plaintiffs under the FCRA."); *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) (holding that injunctive relief is unavailable to litigants acting in an individual capacity under the FDCPA).  Therefore, Defendant's motion to strike as it relates to the request for injunctive relief is granted.

### E. Statutory Damages under the FCRA and the FDCPA

Finally, Defendant argues that Plaintiff's prayer for relief for statutory damages must be stricken insofar as he requests damages exceeding the statutory maximums.  Statutory damages under the FCRA may not exceed $1,000 per consumer.  15 U.S.C. § 1681n; *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008).  Similarly, damages under the FDCPA are limited to a maximum of $1,000 per person per action.  15 U.S.C. § 1692k(a)(2)(A); *Reed v. Budzik & Dynia, LLC*, No. 4:11–CV–865(CEJ), 2012 WL 2568140, at *2 (E.D. Mo. July 2, 2012).  Therefore, Defendant's motion to strike as it relates to Plaintiff's request for statutory damages exceeding $1,000 for either the FCRA or the FDCPA claim is granted.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part.  Defendant's motion is granted as it relates to the intentional

9

infliction of emotional and financial distress claim.  Defendant's motion is denied as it relates to the violation of the FCRA and FDCPA claims.  (Doc. No. 28.)

**IT IS FURTHER ORDERED** that Defendant's motion to strike certain claims and relief sought by Plaintiff is **GRANTED** as it relates to Plaintiff's request for injunctive relief and for statutory damages exceeding $1,000 under the FCRA or the FDCPA.  (Doc. No. 11.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2012.