IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-01180-AGF |
| ) | |
| LVNV FUNDING LLC, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant LVNV Funding LLC ("Defendant"), and for its answer to the Complaint filed herein by Plaintiff Morlyne Young ("Plaintiff") denies each and every allegation therein unless hereafter specifically admitted, and further states as follows:

## JURISDICTION AND VENUE

1-3.   Paragraphs 1-3 of Plaintiff's Complaint contain a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the same.

4.   No response to paragraph 4 of Plaintiff's Complaint is required.  To the extent that a response is required, Defendant denies the same.

## PARTIES

5.   Defendant is informed and believes and on that basis admits the allegations in paragraph 5 of Plaintiff's Complaint.

6.   Defendant admits that it attempts to collect debts owned by Defendant. Defendant denies the remaining allegations in paragraph 6 of Plaintiff's Complaint.

## STATEMENT OF FACT

7.   Defendant admits that Plaintiff opened a MasterCard credit account.  Defendant is informed and believes and on that basis admits that Plaintiff's MasterCard credit account was, at

one time, owned by HSBC Card Services.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. Defendant admits Plaintiff has a MasterCard credit account with the account number 5489-5551-1292-8223.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendant admits Plaintiff sent correspondence to Defendant, dated November 16, 2009, by certified mail regarding "two credit entries" in Plaintiff's "credit file."  Defendant denies the remaining allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits Plaintiff sent correspondence to Defendant, dated November 16, 2009, regarding a credit entry for "HSBC Orchard Acc't#548955511292."  Defendant denies the remaining allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. Defendant admits that the balance of Plaintiff's MasterCard account was, at one time, $1,489.46. Defendant further admits that ownership of Plaintiff's MasterCard account was transferred from Sherman Originator LLC to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14-15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14-15 of Plaintiff's Complaint, and therefore denies the same.

16. Defendant admits that, while Defendant has owned Plaintiff's MasterCard account, telephone calls have been made in an effort to collect on that account. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. Defendant admits that Plaintiff sent correspondence to Defendant, dated May 12, 2011, in which Plaintiff requested a "statement of assignment" of the subject debt. Defendant denies the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendant admits Plaintiff's MasterCard account was classified as a Factoring Company Account. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20. Defendant admits it has investigated disputes by Plaintiff regarding his MasterCard account. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. Defendant admits that Plaintiff sent correspondence to Defendant, dated May 12, 2011, in which Plaintiff requested information regarding his MasterCard credit account. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23-25. Defendant denies the allegations in paragraphs 23-25 of Plaintiff's Complaint.

### COUNT 1: VIOLATION OF THE FAIR CREDIT REPORTING ACT

26. No response is required to paragraph 26; however, in the event a response is required, Defendant incorporates its responses to paragraphs 1-25 above.

27. Defendant denies that it furnishes information to credit bureaus about debts owned by it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29-32. Defendant denies the allegations in paragraphs 29-32 of Plaintiff's Complaint.

33. Defendant specifically denies that it acted with "willful noncompliance." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

### COUNT 2: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. No response is required to paragraph 34; however, in the event a response is required, Defendant incorporates its responses to paragraphs 1-33 above.

35. Paragraph 35 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the same.

36-38.  Defendant denies the allegations in paragraphs 36-38 of Plaintiff's Complaint.

## COUNT 3: INTENTIONAL INFLICTION OF EMOTIONAL AND FINANCIAL DISTRESS

39-41.  No response is required to the allegations in paragraphs 39-41[1] of Plaintiff's Complaint as Count 3 has been dismissed (*see* ECF No. 32).

## AFFIRMATIVE DEFENSES

By way of further answer and/or affirmative defense to the Complaint, Defendant states as follows:

1. Plaintiff is barred from asserting any cause of action against Defendant by the equitable doctrine of unclean hands on the part of Plaintiff.

2. Plaintiff is barred from asserting any cause of action against Defendant under the doctrines of waiver, estoppel, and/or release.

3. Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

4. Plaintiff failed to allege that a credit reporting agency received notice of a dispute from the consumer and the credit reporting agency complied with its duties under the FCRA by providing notice of the dispute to the furnisher of the information.

5. Plaintiff has failed to allege facts showing what specific conduct violated section 1692e of the FDCPA, such as the content of the alleged representations.

6. Plaintiff's causes of action are barred by the applicable statutes of limitations.

7. Count 1 of Plaintiff's Complaint accrued more than two years before and more than five years before Plaintiff filed this lawsuit on July 2, 2012.  Therefore, Plaintiff's claim is barred under 15 U.S.C. § 1681p(1)-(2).

---

[1] Defendant's response applies to both paragraphs numbered 41 (*see* Doc. 1 at 7).

8. Count 2 of Plaintiff's Complaint accrued more than one year before he filed this lawsuit on July 2, 2012. Therefore, Plaintiff's claim is barred by 15 U.S.C. § 1692k(d).

9. Defendant is not a "debt collector" within the meaning of the FDCPA (15 U.S.C. § 1692a(6)).

10. Defendant is not a "furnisher" of credit information within the meaning of the FCRA.

11. Any conduct by Defendant is not actionable as it was not intentional and it resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

12. Defendant has at all times maintained reasonable procedures to assure compliance with all applicable provisions of the Fair Credit Reporting Act and Fair Debt Collection Practices Act.

13. By way of further affirmative defense, Defendant asserts any other matter constituting an avoidance or affirmative defense.

14. Defendant reserves the right to amend its answer to Plaintiff's Complaint to assert additional affirmative defenses as it ascertains grounds for doing so during discovery.

WHEREFORE, Defendant respectfully asks the Court to enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, award Defendant the costs and attorneys' fees that it reasonably incurred to defend against the Complaint, and grant any other relief that the Court deems just.

DATED this 28th day of November, 2012.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: /s/ Joshua C. Dickinson
Joshua C. Dickinson           MO #51446
Patrick T. McLaughlin         MO #48633
1 North Brentwood Blvd., Suite 1000
St. Louis, MO  63105
(314) 863-7733 (telephone)
(314) 862-4656 (facsimile)
jdickinson@spencerfane.com
pmclaughlin@spencerfane.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, Eastern Division, this 28th day of November, 2012, with notice of case activity generated and sent to Plaintiff via U.S. first class mail, postage prepaid, addressed as follows:

Morlyne Young
P.O. Box 26213
St. Louis, MO 63136-0213

/s/ Joshua C. Dickinson
Attorney for Defendant