UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MORLYNE YOUNG,                          )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )        Case No. 4:12CV01180AGF
                                        )
LVNV FUNDING, LLC,                      )
                                        )
        Defendant.                      )

## MEMORANDUM AND ORDER

Plaintiff Morlyne Young filed this action pro se against Defendant LVNV

Funding, LLC under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b),

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and state common

law for intentional infliction of emotional distress.  Only the FCRA and FDCPA claims

survived LVNV's motion to dismiss.  Now before the Court is Young's motion to strike

LVNV's affirmative defenses.  This motion shall be denied.

## BACKGROUND

Young alleges the following.  He opened a credit card account with HSBC Bank in

May 2005, paid off the account in March 2007, and closed the account in April 2007.

Young contacted LVNV in November 2009 to dispute a tradeline that appeared on his

credit report, which Young believed reflected a debt to HSBC that LVNV had acquired

and which Young asserts he had satisfied. The tradeline was not removed from Young's

credit report.  In January 2010, reinvestigation of the tradeline by two Credit Reporting

Agencies ("CRAs") indicated that LVNV verified the tradeline as accurate.

Young also complains that LVNV made numerous telephone calls demanding

payment and that the calls were intended to harass him and coerce him to pay the debt,

which, according to Young, was not in fact owed.  Young claims that LVNV had

"sufficient knowledge to know that the claim was not legitimate."

LVNV raised numerous affirmative defenses, including unclean hands, bona fide

error, Young's failure to allege that a CRA received notice of his dispute, Young's failure

to show what conduct violated the FDCPA, the statute of limitations, and LVNV's

compliance with all applicable provisions of the FCRA and the FDCPA.  LVNV also

states in several paragraphs of its answer that it "is without knowledge or information

sufficient to form a belief as to the truth of the . . . allegations."  (Doc. No. 34.)  Young

now seeks to strike this statement.  He further seeks to strike LVNV's unclean hands

defense because "Defendant presented no affirmative defense other than a simple denial

of liability," and  LVNV's bona fide error defense because "the purchasers of credit and

debt are not entitled or protected by the 'bono fide error' defense [sic]."  Young also

moves to strike other defenses raised by LVNV, arguing that they are without merit.

## DISCUSSION

"The court may strike from a pleading an insufficient defense" on its own or upon

a motion by a party.  Fed. R. Civ. P. 12(f).  "An affirmative defense should not be

stricken unless, as a matter of law, the defense cannot succeed under any circumstances

2

or is immaterial in that it has no essential or important relationship to the claim for relief." *CitiMortgage, Inc. v. Draper & Kramer Mortg. Corp.*, No. 4:10CV1784 FRB, 2012 WL 3984497, at *2 (E.D. Mo. Sept. 11, 2012) (citation omitted).  "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. U.S.*, 570 F.2d 221, 229 (8th Cir. 1977).

Here, the Court concludes that none of LVNV's affirmative defenses should be stricken.  Young may raise his arguments on the merits of the affirmative defenses later in the proceedings.

## CONCLUSION

Accordingly,

Plaintiff's motion to strike Defendant's affirmative defenses is **DENIED** without prejudice to Plaintiff's rights to raise his arguments on the merits of the affirmative defenses later in the proceedings. (Doc. No. 35.)

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24ᵗʰ day of January, 2013.

3