**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MORLYNE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-01180-AGF |
| ) | |
| LVNV FUNDING LLC, ) | |
| ) | |
| Defendant. ) | |

**PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and ensure that protection is afforded only to such deemed material, the Court orders as follows:

IT IS HEREBY ORDERED THAT:

1. **Confidential Information.** As used in this Order, the term "Confidential Information" means any document, deposition transcript (or portion thereof), or responses to interrogatories, requests for admissions, or requests for production of documents that contains or refers to any confidential, proprietary, or commercial information relating to Defendant's business, business operations, or customers; confidential financial information of Defendant; and any personal or financial information regarding Plaintiff; such information not being generally known or available in the public domain.

2. **Designating documents and information as confidential.** Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the document or response with the word "Confidential." Such designation may be marked individually on each document or by document grouping.

Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, responses to interrogatories, requests for admissions, requests for production of documents, or testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information.

3.     **Designating deposition testimony as confidential.**  Any party may designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising counsel of record by letter within thirty (30) days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony shall be deemed confidential for a period of thirty (30) days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present at the deposition that the information is confidential and subject to this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

4.     **Limited Disclosure of Confidential Information.**  Any documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as Confidential are to be treated as such

by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

    a.    Counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries, legal assistants, employees and agents of such counsel, to the extent reasonably necessary to render professional services to the litigation;

    b.    The parties;

    c.    Persons with prior knowledge of the documents or the Confidential Information contained therein;

    d.    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court;

    e.    Any expert witness or outside consultant retained or consulted by the parties, to the extent reasonably necessary to render professional services to the litigation;

    f.    Any independent document reproduction services or document recording and retrieval services;

    g.    Any witness called to testify at deposition or trial;

    h.    Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order.

    **5.**    **Disputes Concerning Designation(s) of Confidential Information.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as Confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the

information may apply for appropriate relief from this Court. The burden of proving the propriety of a designation of confidentiality is on the designating party.

  6. **Use of Confidential Information.** Confidential Information shall be used only in connection with these proceedings and any appeals arising there from. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose, except as set forth in paragraph 4 of this Order.

  7. **Maintaining Confidentiality.** The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The recipient shall take care that any such information or the substance or content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

  8. **Filing Confidential Information.** If a party intends to file a document containing Confidential information with the Court using the Electronic Case Filing/Case Management system, this Protective Order grants leave to make such filing under seal in compliance with Local Rule 13.05(A) and/or the Electronic Case Filing/Case Management procedures manual. If a party intends to file a document containing Confidential information with the Court using any other means, that Confidential Information shall be filed separately in a sealed envelope containing the following notice: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," together with a cover sheet stapled to the sealed envelope containing the case caption and signature of the attorney for the filing party.

  9. **Subject to Court's Jurisdiction.** Each person to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the

jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

10. **Confidential Information at Trial.** Subject to evidentiary procedures and Rules or Orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the Confidential Information be received *in camera* or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection may be afforded such information at the trial.

11. **Return of Confidential Information.** Within ninety (90) days of the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

   a. Counsel of record for each party receiving Confidential Information shall, upon request, return to the designating party all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts within sixty (60) days, except that all materials constituting work product of such counsel shall be destroyed by the party in possession;

   b. All persons who received any Confidential Information, shall return to the producing party all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 11(a);

   c. Counsel of record for each party shall confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda,

excerpts, or other parts have been returned to the producing party or destroyed in accordance with the terms of paragraphs 11(a) and 11(b) above;

    d.    Notwithstanding the above, counsel of record for each party shall be allowed to keep a copy of all documents produced for their internal file, but shall maintain the confidentiality of such documents at all times.

**12.     No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

**13.     Enforcement.** The Court retains indefinitely the power to enforce and modify this Order as justice requires, and may impose sanctions for any party invoking the protections of this Order in bad faith or otherwise abusing the privileges afforded by this Order.

IT IS HEREBY ORDERED this 29th day of April, 2013.

BY THE COURT:

*Audrey G. Fleissig*
Audrey G. Fleissig
United States District Judge