

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORLYNE YOUNG | § | |
| Plaintiff | § | |
| v. | § | Case No. 4: 12-cv-01180-AGF |
| LVNV FUNDING LLC | § | |
| Defendant | § | |

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

NOW COMES, the Plaintiff for its Motion To Compel the Production of Documents pursuant to F.C.R.P. Rule 37 as follows:

1. The present action was commenced on July 2, 2012 by service of a Summons and a Complaint upon LVNV Funding LLC, the Defendant.

2. An answer was duly served on the Plaintiff on July 31, 2012.

3. Rules 34 and 36 permits Discovery as a method of narrowing issues for the Court to decide.

4. Defendant was served with a demand for Discovery, and Production of Documents in February thur May of 2013.

5. Plaintiff contacted the Defendent's Attorney by telephone twice to request his assistance in providing production of documents in May 23, 2013. Defendant's Attorney never forwarded requested documents.

6. Plaintiff can not prepare for Mediation ( June 21, 2013) without the Request For Production of Documents.

7. The information sought by these discovery requests is solely within the knowledge

8. Defendant has not provided Request For Documents as follows:

   a. Request No. 1

   b. Request No. 9          EXHIBIT  C

9. Defendant has not provided 2nd Request For Documents as follows:

   a. Request No.  1          EXHIBIT  D

   b. Request No.  2

   c. Request No.  4

10. Defendant has not provided 3rd Request For Documents as follows:

    a. Request No.  1          EXHIBIT  E

11. No Order staying Discovery has ever been entered or requested in this forum.

12. Defendant LVNV Funding LLC, failed to timely answer Request for Production of Documents.

WHEREFORE the Plaintiff prays this Honorable Court for an Order that the Defendant produce the documents mentioned in above mentioned Request For Documents, and any other remedy the Court deems proper.

Respectfully submitted

Morlyne Young
P.O. Box 26213
St. Louis, MO 63136
314.869.0799

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-01180-AGF |
| ) | |
| LVNV FUNDING LLC, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant LVNV Funding LLC ("LVNV" or "Defendant") responds as follows to Plaintiff's Request for Production of Documents. The responses made by Defendant are subject to, and without waiving or intending to waive, but on the contrary intending to reserve and reserving, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Plaintiff's Requests for Production.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

The following responses are based upon information presently available to Defendant which Defendant believes to be correct. Said responses are made without prejudice to Defendant's right to utilize subsequently discovered facts. Defendant reserves the right to supplement each and every specific response.

No incidental or implied admission of fact by Defendant is made by the responses below. The only admissions are express admissions. The fact that Defendant has responded to part or all of any request is not intended to be and shall not be construed to be a waiver by Defendant of all or any part of any objection to any request made by Plaintiff.

EXHIBIT C

Defendant objects to Plaintiff's requests to the extent they seek information which is as available to, or more available to, Plaintiff than to Defendant.

Defendant objects to Plaintiff's requests to the extent that they seek documents or information protected by the attorney-client privilege, documents or information prepared in anticipation of litigation or trial or which are within the protection of the work product doctrine, documents or information containing proprietary or confidential business information, and documents or information protected by the work-product privilege or any other privilege. To the extent the requests seek confidential or proprietary information. Defendant will produce the information only after execution of a mutually agreeable protective order.

This Preliminary Statement and General Objections are incorporated into each of the responses set forth below.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** The Plaintiff request *[sic]* a certified copy of the Chain of Assignment, original credit agreement, any and all medications *[sic]* of the credit agreement, and affidavit of merit from the individual employed by the original creditor who had personal knowledge regarding the creditors *[sic]* record maintenance.

**RESPONSE:** Objection. Defendant objects to this request to the extent it is vague, confusing, overbroad, unduly burdensome, and not limited in time. Subject to this objection and without waiving it, Defendant will produce responsive documents, subject to the entry of a protective order.

**REQUEST NO. 2:** Defendant provide affidavits of a chain of assignment agreement between Sherman Acquisition LLC, LVNV Funding LLC, and Resurgent Capital Services LP.

**RESPONSE:** None.

OM 220170.1

**REQUEST NO. 3:** Defendant must provide in conjunction with the chain of assignment agreement a Certificate of Conformity verifying the authenticity of the notaries who have acknowledged the execution of the affidavits.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence and is not stated in proper form.

**REQUEST NO. 4:** Defendant provide an affidavits *[sic]* indicating the location of Defendant LVNV Funding LLC, and Resurgent Capital Services LP.

**RESPONSE:** None.

**REQUEST NO. 5:** Plaintiff request *[sic]* a *[sic]* affidavit of Defendants 's *[sic]* and Resurgents *[sic]* Capital Services LP relationship with Weltman, Weinberg & Reis Co. LPA, The Northland Group, and Brachfeld Law Group.

**RESPONSE:** None.

**REQUEST NO. 6:** Provide evidence of an assignment agreement between Weltman, Weinberg & Reis Co*[,]* The Northland Group*[,]* and Brachfeld Law Group.

**RESPONSE:** None.

**REQUEST NO. 7:** A copy of all pages of the AM Customer Service Module Log v,2.9.2 for Plaintiff with no redacted information for the period January 2009 thur *[sic]* November 2012.

**RESPONSE:** An account event history report will be produced upon entry of an appropriate protective order.

**REQUEST NO. 8:** An affidavit certifying the authenticity of all copies of Universal Data Forms send *[sic]* to Transunion Credit, Experian Inc., and CSC Credit Co, from October 2009 thur *[sic]* December 2012 :from Defendant.

**RESPONSE:** Objection. This request is overly broad, vague and not tailored to the issues in this case. Without waiving the objection, Defendant states that no such affidavit exists.

**REQUEST NO. 9:** Proof of Bonding Insurance Carrier that provide *[sic]* surety protection for Defendant in litigation actions.

**RESPONSE:** Objection. This request is vague. To the extent Defendant understands this request, no such documents exists.

**RESPONSE:**

**REQUEST NO. 10:** Defendant provide copies of any surety and insurance claim for any judgment paid for in conjunction with any civil judgments between December 2009 thur *[sic]* January 2011.

**RESPONSE:** Objection. This request is vague, overly broad, burdensome, and not calculated to lead to the discovery of admissible evidence.

4

OM 220170.1

**REQUEST NO. 11:** All collection and/or court actions brought on behalf of Defendant LVNV Funding LLC in the past five years which were voluntarily terminated or or *[sic]* withdrawn.

**RESPONSE:** Objection.  This request is vague, overly broad, burdensome, and not calculated to lead to the discovery of admissible evidence.  In addition, these documents are available in the public record.

**REQUEST NO. 12:** All collection and*[/]*or court actions brought by Defendant LVNV Funding LLC, in the past five years which were filed in error against the incorrect Debtor or against a consumer who did not actually owe the debt being collected.

**RESPONSE:** Objection.  This request is vague, overly broad, burdensome, and not calculated to lead to the discovery of admissible evidence.  In addition, these documents are available in the public record.

**REQUEST NO. 13:** All collection and*[/]*or court actions brought by Defendant LVNV Funding LLC, in the past five years which were filed outside the applicable statute of limitations or were time-barred.

**RESPONSE:** Objection.  This request is vague, overly broad, burdensome, and not calculated to lead to the discovery of admissible evidence.  In addition, these documents are available in the public record.

SPENCER FANE BRITT & BROWNE LLP

By: /s/ Joshua C. Dickinson
Joshua C. Dickinson, #51446MO
12925 West Dodge Road, Suite 107
Omaha, NE 68154
Telephone: (402) 965-8600
Facsimile: (402) 965-8601
E-mail: jdickinson@spencerfane.com

Patrick T. McLaughlin, #48633MO
1 North Brentwood Blvd., Suite 1000
St. Louis, MO 63105
(314) 863-7733 (telephone)
(314) 862-4656 (facsimile)
pmclaughlin@spencerfane.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on Plaintiff via first class mail, postage prepaid, this 4th day of March, 2013, addressed as follows:

Morlyne Young
P.O. Box 26213
St. Louis, MO 63136-0213

/s/ Joshua C. Dickinson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12-CV-01180-AGF |
| | ) |
| LVNV FUNDING LLC, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant LVNV Funding LLC ("LVNV" or "Defendant") responds to Plaintiff's Second Request for Production of Documents, which was served on April 2, 2013 and amended on April 8, 2013. The responses made by Defendant are subject to, and without waiving or intending to waive, but on the contrary intending to reserve and reserving, all rights under the Federal Rules of Civil Procedure, including the right to object to any other discovery procedures involving or relating to the subject matter of Plaintiff's Requests for Production.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A. The following responses are based upon information presently available to Defendant which Defendant believes to be correct. Said responses are made without prejudice to Defendant's right to utilize subsequently discovered facts. Defendant reserves the right to supplement each and every specific response.

B. No incidental or implied admission of fact by Defendant is made by the responses below. The only admissions are express admissions. The fact that Defendant has responded to part or all of any request is not intended to be and shall not be construed to be a waiver by Defendant of all or any part of any objection to any request made by Plaintiff.

EXHIBIT D

C. Defendant objects to Plaintiff's requests to the extent they seek information which is as available to, or more available to, Plaintiff than to Defendant.

D. Defendant objects to Plaintiff's requests to the extent that they seek documents or information protected by the attorney-client privilege, documents or information prepared in anticipation of litigation or trial or which are within the protection of the work product doctrine, documents or information containing proprietary or confidential business information, and documents or information protected by the work-product privilege or any other privilege. To the extent the requests seek confidential or proprietary information, Defendant will produce the information only after the Court enters a protective order.

E. The Preliminary Statement and General Objections are incorporated into each of the responses set forth below.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** The Plaintiff request [sic] a copy of the Chain of Assignment, original credit agreement, credit payment history for one year prior to the sale of credit card account, and one year credit card statement.

**RESPONSE:** Objection. This request is vague, confusing, overbroad, unduly burdensome, and not limited in time. Subject to this objection and without waiving it, Defendant will produce billing statements and an account event history for account # 5489-5551-1292-8223, subject to the entry of a protective order.

**REQUEST NO. 2:** A copy of the Purchase Agreement or Bill of Sale of the Plaintiff's alleged credit card debt from HSBC Credit Cards Services to Defendant.

**RESPONSE:** Objection. This request is overly broad, vague and not tailored to the issues in this case. Subject to this objection and without waiving it, Defendant states it does not have documents responsive to this request.

**REQUEST NO. 3:** That the Defendant provide a copy of an "OPT OUT NOTICE" signed by the Plaintiff allowing the transfer of credit card account to agents and affiliates.

**RESPONSE:** Objection. This request is overly broad, vague and not tailored to the issues in this case. Subject to this objection and without waiving it, Defendant states it does not have documents responsive to this request.

**REQUEST NO. 4:** That the Defendant LVNV Funding provide all copies of Automatic Consumer Dispute Verification Forms (ACDV) for the months of November 2009 thur [sic] November 2012 reported to all three credit bureaus.

**RESPONSE:** Objection. This request is overly broad, vague and not tailored to the issues in this case. Subject to this objection and without waiving it, Defendant will produce responsive documents, subject to the entry of a protective order.

**REQUEST NO. 5:** That the Defendant provided copies of the Universal Data Forms submitted to all three credit bureaus on behalf of Plaintiff from November 2099 [sic] thur [sic] December 2012.

**RESPONSE:** Objection. This request is overly broad, vague and not tailored to the issues in this case. Subject to this objection and without waiving it, Defendant states it does not have documents responsive to this request.

OM 224742.1

SPENCER FANE BRITT & BROWNE LLP

By: /s/ Joshua C. Dickinson
Joshua C. Dickinson, #51446MO
12925 West Dodge Road, Suite 107
Omaha, NE 68154
Telephone: (402) 965-8600
Facsimile: (402) 965-8601
E-mail: jdickinson@spencerfane.com

Patrick T. McLaughlin, #48633MO
1 North Brentwood Blvd., Suite 1000
St. Louis, MO  63105
(314) 863-7733  (telephone)
(314) 862-4656  (facsimile)
pmclaughlin@spencerfane.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on Plaintiff via first class mail, postage prepaid, this 6th day of May, 2013, addressed as follows:

Morlyne Young
P.O. Box 26213
St. Louis, MO 63136-0213

/s/ Joshua C. Dickinson

OM 224742.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12-CV-01180-AGF |
| | ) |
| LVNV FUNDING LLC, | ) |
| | ) |
| Defendant. | ) |

### THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, the Plaintiff for its Third Request For Production of Documents pursuant

To F.R.C.P. Rule 37 and Local Rule 37. 304 as follows:

REQUEST No. 1. A copy of Service Agreement with all addendums between Defendant,

LVNV Funding LLC, and all three credit bureau reporting agencies.

By: _____
Morlyne Young
P.O. Box 26213
St. Louis, MO 63136
314.869.0799

EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORLYNE YOUNG | § § § | |
| Plaintiff | § § | |
| v. | § § | 4: 12-cv-01180-AGF |
| | § § § | |
| LVNV FUNDING LLC | § § | |
| Defendant | § | |

## PLAINTIFF'S PARTIAL REVISED SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, the Plaintiff for its Partial Revised Second Request For Production of Documents pursuant to F.R.C.P. Rule 34, and Local Rule 26-302, hereby moves the Defendant as follows:

REQUEST NO. 4 Is hereby revised as follows: That the Defendant LVNV Funding provide all copies of Automatic Consumer Dispute Verification Forms (ACDV) for the months of November 2009 thur November 2012 reported to all three credit bureaus instead of, prior number four request for production of documents submitted on April 2, 2013.

BY: *(signature)*

Morlyne Young/Pro-Se
P.O. Box 26213
St. Louis, MO 63136
314.869.0799

EXHIBIT E

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents was served on Defendant via certified mail, this 10th day of June 2013 as follows:

Spencer Fane Britt & Browne LLP

Patrick T. McLaughlin, #48633MO
1 North Brentwood Blvd., Suite 1000
St. Louis, MO 63105

by Morlyne Young