UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 4:12CV01180 AGF |
| ) | |
| ) | |
| LVNV FUNDING LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Morlyne Young is pursuing this action pro se for damages under the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), against Defendant LVNV Funding LLC, an alleged furnisher of information under the FCRA, and debt collector under the FDCPA. Now before the Court is Defendant's motion for summary judgment, based on an offer of judgment and, alternatively, on the statute of limitations; and three pre-trial motions filed by Plaintiff. For the reasons set forth below, Defendant's motion for summary judgment shall be granted on the basis of the statute of limitations with respect to the FDCPA, but denied with respect to the FCRA claim; and Plaintiff's pending motions shall be denied.

## BACKGROUND

For purposes of Defendant's motion for summary judgment, the record shows the following. Petitioner opened a credit card account with HSBC Bank in May 2005, paid off the account in March 2007, and closed the account in April 2007. By letter to Defendant dated November 16, 2009, Plaintiff disputed a debt to Defendant that appeared on his credit report, which Plaintiff believed was the satisfied HBSC Bank

debt that Defendant had acquired. Resurgent Capital Services, L.P. ("Resurgent"), the company managing the account for Defendant, sent Plaintiff a letter dated December 11, 2009, validating the debt in question in the amount of $1,489. Meanwhile, on November 25 and December 10, 2009, Plaintiff wrote to two credit reporting agencies disputing the debt in question.

According to Plaintiff, Defendant made numerous intimidating and threatening telephone calls in November and December 2009, to coerce him to pay the $1,489, even though Defendant had sufficient knowledge that the claim was not legitimate. Plaintiff alleged that the phone calls were intended to and did inflict emotional injury. By letter dated January 4, 2010, one of the credit reporting agencies reported to Plaintiff that its investigation showed that the debt in question was verified in December 2009. Plaintiff alleged that in January 2011 Defendant increased the debt to $1,781 without notifying him. Plaintiff sent another letter to Defendant dated May 12, 2011, stating that he believed that allowing the paid-off debt on his credit report was in violation of the FDCPA, and asking for proof by Defendant that it had been assigned this debt. Plaintiff threatened suit if he did not hear from Defendant in 72 hours.

On May 20, 2011, Plaintiff commenced an action pro se in state court against Defendant and another entity. The action included the claims he raises in the present law suit. It was removed to a different Court in this District, and on March 27, 2012, Plaintiff's second amended complaint was dismissed for failing to include sufficient allegations to state claims under the FCRA or the FDCPA. The dismissal, however, was without prejudice. (Case No. 4:11CV01199 TCM, Doc. No. 66.)

The present action was filed on July 2, 2012, seeking relief for violation of the

FCRA, 15 U.S.C. § 1681s-2(b)[1]; for violation of the FDCPA, 15 U.S.C. § 1692e[2]; and for intentional infliction of emotional distress. Plaintiff sought injunctive relief; "statutory damages" under the FCRA in the amount of $25,000, and under the FDCPA in the amount of $95,000; and punitive damages in the amount of $300,000. Plaintiff made no claim for actual damages, nor pleaded facts that would support such damages. By Memorandum and Order dated November 14, 2012, the Court granted Defendant's motion to dismiss the emotional distress claim, and granted Defendant's motion to strike the prayer for injunctive relief and for statutory damages exceeding the FCRA limit of $1,000 per consumer, and the FDCPA maximum of $1,000 per person per action.

On February 15, 2013, Defendant made an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 in the sum of $2,000 plus Plaintiff's reasonable costs incurred in this action. Plaintiff did not accept the Offer of Judgment. Defendant now argues that it is entitled to summary judgment based upon the Offer of Judgment. Defendant argues that Plaintiff has submitted no evidence that would entitle him to punitive damages, and so the Offer of Judgment was for the maximum he could recover.

Defendant further argues that Plaintiff's claims are time barred by the one-year statute of limitations of the FDCPA, 15 U.S.C.A. § 1692k(d); and the two-year statute of limitations of the FCRA, 15 U.S.C.A. § 1681p. According to Defendant, the limitations period for the FDCPA began when Defendant or Resurgent made challenged statements to Plaintiff, the latest of which was in December 2009. With respect to the claim under the FCRA, Defendant argues that the limitations period began when Plaintiff received the December 11, 2009 from Resurgent, because with that letter, Plaintiff was on notice

---

[1] § 1681s-2(b) requires furnishers of information, upon notice of a dispute by a CRA, to conduct an investigation of the disputed claim. 15 U.S.C. § 1681s-2(b).

[2] § 1692e generally prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

3

that Defendant believed the debt was valid. Defendant argues that the alleged revision of the debt in January 2001 is not actionable under the FCRA because it did not relate to a dispute that Defendant received from a credit reporting agency.

## DISCUSSION

### Offer of Judgment

A plaintiff becomes deprived of a personal stake in the outcome of a lawsuit when a defendant makes an offer of judgment for a sum equal to or greater than the sum plaintiff could obtain by proceeding to trial and the plaintiff rejects that offer; such an offer eliminates the controversy between the parties and leaves nothing for the court to resolve. *Marschall v. Recovery Solution Specialists, Inc*., 399 F. App'x 186, 187 (9th Cir. 2010) (dismissing FDCPA lawsuit for lack of subject matter jurisdiction when defendant made offer of judgment for more than plaintiff was legally entitled to recover).

As Defendant recognizes, the validity of its position with respect to its Offer of Judgment depends upon whether Plaintiff could potentially recover punitive damages in this lawsuit.[3] Punitive damages cannot be recovered under the FDCPA, as the damages section of that act, 15 U.S.C. § 1692k, does not provide for such damages. *E.g*., *Desmond v. Phillips & Cohen Assocs., Ltd*., 724 F. Supp. 2d 562, 563 n.1 (W.D. Pa. 2010). Punitive damages, however, can be recovered actions under the FCRA if the defendant was willfully noncompliant. 15 U.S.C. § 1681n. This covers "knowing" as well as "reckless" violations of the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Reckless conduct includes actions that entail "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. at 68.

Here, based on the record before it, and giving Plaintiff the benefit of all reasonable inferences, the Court cannot say as a matter of law that Defendant's conduct

---

[3] The Court notes that in his motion for summary judgment, Plaintiff requests approximately $9,400 "for actual damage to Plaintiff's credit," but he made no such claim in his complaint.

validating a paid-off debt on Plaintiff's credit report, despite repeated notice by Plaintiff that the debt had been paid, could not be deemed reckless. *See, e.g., Meyer v. F.I.A. Card Servs., N.A.*, 780 F. Supp. 2d 879, 885 (D. Minn. 2011) (holding that fact issues on the question of reckless noncompliance with the FCRA precluded summary judgment on the plaintiff's claim for punitive damages, even in the absence of actual damages).

**Statute of Limitations**

Under the FDCPA's statute of limitations, an action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In the Eighth Circuit, the FDCPA's statute of limitations is considered jurisdictional and cannot be equitably tolled. *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992); *Ness v. Gurstel Chargo, P.A.*, No. 11–3370 (JNE/JSM), 2013 WL 1176060, at *5 (D. Minn. March 21, 2013).[4] Nor was the limitations period tolled by the filing and pendency of the case previously dismissed without prejudice. *See Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995) ("A dismissal without prejudice does not toll a statute of limitation. . . . Indeed, its effect is just the opposite. Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed.").

The last date an action by Plaintiff under the FDCPA could have accrued was the last date of contact between Plaintiff and Defendant, or Defendant's agent, Resurgent, about the debt in question. This was more than one year before July 2, 2012, the date this action was filed. Accordingly, Plaintiff's claim under the FDCPA is time barred.

An action under the FCRA must be commenced "not later than the earlier of (1) 2

---

[4] Even if the limitations period were subject to equitable tolling, such tolling would only be applicable "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *See Glover v. F.D.I.C.*, 698 F.3d 139, 151 (3d Cir. 2012). Here there is no basis for such findings.

5

years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. This Court will follow the holding of another Court in this District that "'each re-report of inaccurate information, and each failure to conduct a reasonable investigation in response to a dispute, is a separate FCRA violation subject to its own statute of limitations.'" *Cathcart v. Am. Express*, No. 4:11CV2125 JAR, 2012 WL 5258820, at \*2 (E.D. Mo. Oct. 23, 2012) (quoting *Larson v. Ford Credit*, No. 06–CV–1811 (JMR/FLN), 2007 WL 1875989 at \*5 (D. Minn. June 27, 2007) (collecting cases and concluding that this is the rule followed by "the majority of courts")). Under this holding, Plaintiff's FCRA claim is not time-barred.

**Plaintiff's Motions**

Plaintiff's motion for summary judgment shall be denied because, construing the facts in the light most favorable to Defendant, there remain material fact issues with regard to the merits of Plaintiff's FCRA claim. *See* Fed. R. Civ. P. 56(a); *Ser Yang v. W.-S. Life Assurance Co.*, 713 F.3d 429, 432 (8th Cir. 2013) (explaining that summary judgment is not appropriate if, construing the facts in the light most favorable to the nonmoving party, there are genuine factual issues for trial); *Edeh v. Equifax Information Servs., LLC*, No. No. 11–CV–2671 (SRN/JSM), 2012 WL 4358646, at \*9 (D. Minn. Sept. 21, 2012) (denying Plaintiff's motion for summary judgment in an FCRA case). Here, questions for the jury remain regarding such issues as Defendant's knowledge and liability, and Plaintiff's claim for damages. Plaintiff's two discovery motions shall be denied because the Court believes that Defendant's challenged responses were adequate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to strike Plaintiff's

supplemental pleading in opposition to Defendant's motion for summary judgment is **DENIED**.  (Doc. No. 81.)

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **DENIED** with respect to Plaintiff's claim under the Fair Credit Reporting Act (Count I) and **GRANTED** with respect to Plaintiff's claim under the Fair Debt Collection Practices Act (Count II).  (Doc. No. 66.)

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment is **DENIED**.  (Doc. No. 82.)

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel is **DENIED**.  (Doc. No. 63.)

**IT IS FURTHER ORDERED** that Plaintiff's motion to deem admissions is **DEINED**.  (Doc. No. 62.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2013.