IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MORLYNE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-01180-AGF |
| ) | |
| LVNV FUNDING LLC, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS

Defendant LVNV Funding LLC ("Defendant") submits the following objections to Plaintiff's trial exhibits, said exhibits being first provided to Defendant on January 2, 2014 when they were filed by Plaintiff and entered by the Clerk via CM/ECF as Doc. # 102:

1.  This Court's Case Management Order (Doc. # 41, "CMO") required all exhibits to be marked and submitted to the opposing party no later than December 24, 2013. Plaintiff failed to do so and Defendant moved to strike the exhibits (Doc. # 96). The Court denied the Motion to Strike, but the Court ordered: "Plaintiff, however, is directed immediately to deliver a copy of his exhibits to counsel for Defendant." (Doc. # 98). That Order was issued on December 31, 2013. Plaintiff failed to deliver a copy of the exhibits to undersigned counsel, but filed them with the Court three days later on January 2, 2014. Plaintiff continues to disregard clearly-worded orders from this Court, and Defendant believes all exhibits should be stricken.

2.  Defendant objects to Plaintiff's Exhibit 23 partially on the grounds of relevance for matters that do not pertain to credit reporting, and on the ground that such document was marked as "confidential" pursuant to the Protective Order (Doc. # 56), should not have been filed on the Court's publicly available docket sheet in direct violation of Paragraph 8 of the Protective

Order. To the extent the document is allowed to be used at trial, it should otherwise be treated as confidential through the course of trial.

3. Defendant objects to Plaintiff's Exhibits 24-28 on the grounds of hearsay, relevance, foundation, and Rule 403.

4. Defendant objects to Plaintiff's Exhibits 29-33 on the grounds of relevance, foundation, hearsay and the rule of completeness.

Defendant reserves the right to interpose additional objections at trial depending upon other evidence or circumstance that give rise to additional objections to the tendered exhibit.

Dated this 8th day of January, 2014.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: /s/ Joshua C. Dickinson
Joshua C. Dickinson, #51446MO
12925 West Dodge Road, Suite 107
Omaha, NE 68154
Telephone: (402) 965-8600
Facsimile: (402) 965-8601
E-mail: jdickinson@spencerfane.com

Patrick T. McLaughlin, #48633MO
1 North Brentwood Blvd., Suite 1000
St. Louis, MO  63105
Telephone:  (314) 863-7733
Facsimile:  (314) 862-4656
E-mail: pmclaughlin@spencerfane.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, Eastern Division, this 8th day of January, 2014, with notice of case activity generated and sent to Plaintiff, via United States first class mail, postage prepaid, and via e-mail transmission, addressed as follows:

Morlyne Young
P.O. Box 26213
St. Louis, MO 63136-0213
youmarl@aol.com

                                                /s/ Joshua C. Dickinson
                                                Attorney for Defendant

OM 264135.1